(119 So. 870)

No. 29633.

STATE v. PERRY.

In re PERRY.

Jan. 2, 1929.

Arthur A. Le Rosen, of Shreveport, for relator.

L. C. Blanchard, Dist. Atty., and C. B. Prothro, Asst. City Atty., both of Shreveport, for the State.

THOMPSON, J. The relator was convicted and sentenced in the city court of the city of Shreveport for the crime of petit larceny. He appealed to the district court of Caddo parish, and on a trial had there the conviction was affirmed.

Having no right of appeal to this court, the sentence imposed being five months' imprisonment, the relator applies for relief under our supervisory jurisdiction.

The legal question presented is whether under the admitted facts the relator can be held guilty of the crime of larceny.

In the district court as well as in the city court the relator through counsel requested the court to charge itself as follows:

First. "That where a servant collects money for his master as a waiter in a restaurant and puts it in the first instance in his own pocket, or if he carries said money elsewhere and conceals it, taking it later, he does not commit the crime of larceny."

Second. "That there can be no larceny of effects not in the possession of the person trespassed against and if the person whose property is charged to have been stolen has never had possession of such property there can be no larceny."

The court refused to give the requested charges, for the reason, as we gather from the record, that the relator had only the temporary custody of the money for the benefit of the owner and did not have such lawful possession of the money as to constitute any other crime than that of larceny.

The undisputed facts are that the relator was a waiter in a restaurant in Shreveport. It was the usual custom of that restaurant for the waiter to issue the meal checks or tickets to the guests, and the guests settled with the cashier. The waiters, however, were not forbidden to receive the money from the guests and themselves pay the cashier. This was not infrequently the case.

It was so in this instance. The relator received $15 from guests and failed to pay it over to the cashier, so it is charged.

There is no pretense that the money ever came into the possession or under the direct control of the owner or lessee of the restaurant, either actually or constructively. On the contrary, it is an admitted fact that the actual money, the subject of the larceny, passed directly from the guests to the relator and never reached the destination intended by the guests.

There is nothing to indicate that the waiter when he received the money had any intention to convert it to his own use. His act of taking possession was not therefore unlawful. The subsequent conversion or appropriation, if there was such, could not re-

late back to the original taking and stamp the act of taking or the possession as unlawful and felonious.

The rule is well settled that the taking must be felonious, and without such there can be no larceny. State v. Young, 41 La. Ann. 95, 6 So. 468.

█ The rule is likewise well settled that there can be no larceny without a trespass, and there can be no trespass unless the property was in the possession of the one from whom it is charged to have been stolen. Bishop, Criminal Law, pars. 808 and 828.

In Corpus Juris, vol. 36, p. 774, the rule is stated thus:

"One who is in lawful possession of the goods or money of another cannot commit larceny by feloniously converting them to his own use, for the very obvious reason that larceny being a criminal trespass upon the right of possession, cannot be committed by one who, being invested with that right, is consequently incapable of trespassing upon it."

The same authority, page 786, says:

"If a third person intending to pay money to the master, delivers it to the master's servant for him and the servant misappropriates the money, this is embezzlement and not larceny for the reason that possession of the money having passed out of the payer and never having vested in the master is in the servant even though he had no authority to accept the payment."

This illustration is directly pertinent to the instant case with this difference in favor of the relator—that he had authority to receive the money for his master.

In 17 Ruling Case Law, p. 10, it is stated:

"It is essential that there should be a trespass to the possession of the owner. Without this trespass there can be no larceny, and there can be no trespass unless the property was in the possession of the one from whom it is charged to have been stolen."

"The main difficulty," says the last-mentioned author, "in distinguishing between larceny and embezzlement, lies in determining in a particular case whether there was a trespass in the original taking, which is a wrong to the possession."

The distinction seems to have been brought about, in the opinion of the author, more especially between the crime of larceny and that of false pretenses, because of the fact, quoting, that "larceny was a capital felony in England, and the judges naturally leaned to a merciful interpretation of the law out of a tender regard for human life."

The distinction between embezzlement and larceny, the author states, has been broken down in many jurisdictions by statutes which classify acts constituting embezzlement as well as those constituting larceny, under the one head of larceny.

█ The distinction exists in this state, however, and in every larceny there must be a trespass in the original taking of the property (in this case money), whereas embezzlement is the fraudulent and felonious appropriation of another's property or money by a person to whom its possession has been intrusted, or into whose hands its possession has lawfully come.

██ This is true because in this state the crime of embezzlement is statutory. It was not an offense at common law. State v. Wolff, 34 La. Ann. 1153, and numerous other cases there cited.

That statute provides that any servant, clerk, broker, agent, mandatory, depositary, bailee, etc., "who shall wrongfully use, dispose of, conceal or otherwise embezzle any money * * * which he shall have received for another, or for his employer, principal or bailor * * * or which shall have been entrusted to his care, keeping or possession by another or by his employer * * * upon conviction thereof * * * shall suffer imprisonment at hard labor not

exceeding seven years." Act 31 of 1888, amending section 905, Revised Statutes.

In view of the plain words of this statute, any further citation of authority and any further discussion would seem to be unnecessary.

The very language of the statute establishes a distinction between those acts which would come under the statute and those acts which constitute larceny. The acts which the statute declares shall constitute the crime of embezzlement necessarily exclude the idea that the same acts shall also constitute the crime of larceny.

In other words, a party cannot be guilty of both embezzlement and larceny under the one and same state of facts. The statute, as we have seen, makes it embezzlement for a person to appropriate to his own use money which has been intrusted to him to be delivered to another or to his employer. The relator comes under that statute if he is guilty of any crime at all, of which we express no opinion.

It is clear that he cannot be held for the crime of larceny under the facts as presented.

For the reasons assigned, the conviction and sentence are set aside, and the relator is discharged, without prejudice, however, to the right of the state to proceed otherwise if it elects to do so.